**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| COMMVAULT SYSTEMS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. _____ |
| | ) | |
| COHESITY INC., | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Commvault Systems, Inc. ("Commvault" or "Plaintiff") brings this action for

patent infringement against Defendant Cohesity Inc. ("Cohesity" or "Defendant") as follows:

## NATURE OF THE ACTION

1.      Commvault is a pioneer of modern data storage and information management,

introducing to market many revolutionary features for use in data centers and enterprise

infrastructure configurations worldwide.  Since its founding in 1996, Commvault has led the

industry in the developing technologies critical to ensure the secure availability and management

of the massive amounts of data that has become the lifeblood of companies operating in this

information age.

2.      Commvault has, through more than two decades of continuous research and

development and investment, been at the forefront of such market-changing innovations as cloud

integration, virtual machine protection, snapshots, indexing and search, deduplication, and

policy-based data management.  Commvault's software and services integrate these novel

features and provide users with the highest levels of flexibility and cross-compatibility,

protecting data while reducing costs and labor and improving system "uptime" in the face of data

failures.

3.      Commvault typically spends between $65 and $100 million dollars per year in research and development and has invested over a billion dollars in research and development since its inception.  Given the ever-evolving systems and sheer amounts of data that fuel the modern economy, Commvault's investment in innovation, and its commitment to support the same, has ensured the secure management and perpetual availability of the critical data most companies need to do business—a focus and commitment to which Commvault adheres to this day.

4.      Recognizing the importance of Commvault's contributions to the data storage and management industry, the United States Patent Office has awarded Commvault almost 800 United States patents for its myriad inventions.  Protection of such innovations is core to the roots of the United States, finding its genesis in the Constitution itself.

5.      Cohesity is a newcomer to the data storage and protection industry.  Capitalizing on Commvault's innovations and the market that Commvault pioneered, Cohesity introduced its first product, Data Platform, in 2015.  Since then, Cohesity has repeatedly adopted and impermissibly appropriated Commvault-patented inventions, as part of Cohesity's introduction of cloud archive integration, virtual machine protection, and policy-based security restrictions, among other proprietary features, to its products.  Through its infringement, Cohesity has wrongfully short-circuited the research-and-development process, minimized the investment necessary to have competitive products, and forced Commvault to compete against its own inventions.

6.      This action seeks to prevent Cohesity's continued misappropriation and use of certain of Commvault's patented innovations and to compensate Commvault for Cohesity's past repeated acts of infringement.  Specifically, Cohesity has infringed, continues to infringe,

contributes to the infringement of, and induces the infringement by others of at least one claim of each of U.S. Patent Nos. 7,725,671, 7,840,533, 8,762,335, 9,740,723, 10,210,048, and 10,248,657 (collectively, the "Asserted Patents") at least by making, using, selling, offering for sale, and importing into the United States data management products and services that infringe one or more claims of each of the Asserted Patents.

7.     The infringing Cohesity products include, but are not limited to, Cohesity's "hyperconverged node" infrastructure products, including, for example, its DataPlatform, DataProtect, CloudArchive, Cohesity DataPlatform VM Backup, and Helios software products, and related products and services as identified and described in greater detail in Counts I-VI ("Accused Products") below.

## THE PARTIES

8.     Commvault is a Delaware corporation with a principal place of business at 1 Commvault Way, Tinton Falls, New Jersey 07724.

9.     On information and belief, Defendant Cohesity Inc. is a Delaware corporation with a principal place of business at 300 Park Ave #1700, San Jose, CA 95110.  Cohesity can be served through its registered agent, the Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808.

## JURISDICTION AND VENUE

10.     This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.*

11.     This Court has subject matter jurisdiction over the matters asserted herein under 28 U.S.C. §§ 1331 and 1338(a).

12.     This Court has personal jurisdiction over Cohesity because Cohesity is incorporated in Delaware.

13.     Under 28 U.S.C. § 1400(b), venue is proper in this judicial district because Cohesity is incorporated in Delaware.

## FACTUAL BACKGROUND

### Technology Overview

14.     Large and medium-sized businesses maintain vast amounts of data.  E-mails, chat programs, websites, network-shared files, applications, databases—all of these services continuously generate valuable data.  Businesses rely on this data to support their clients, their employees, or even to keep the lights on.  Copies are often generated from this data to ensure availability when needed.  Generating and maintaining these copies allow organizations to maximize uptime by preventing loss of operation in response to service disturbances, data breaches, and catastrophic failures (*e.g.*, malware or ransomware attacks), server or disk failures, failed upgrades, or other unplanned outages.  For example, using these generated and maintained copies of data, an organization's production data lost in a disturbance or attack can be restored to the time and state of its last generated copy.  Historically, organizations worked with an amalgam of companies whose products were expected to work together to provide full coverage for protection of their production data—for example, products that individually performed backup and restore, archiving, cloud integration, and malware protection.  More recently, organizations have begun using consolidated software and/or service offerings to substantially improve the ease and efficiency by which these data protection operations are performed.

### Commvault

15.     Commvault can trace its beginning to 1988 as a development group of Bell Labs and a business unit within AT&T Network Systems.  In the late 1980s, long-distance telephone calls were not serviced by a single company: a telephone call originating in New York and terminating in Los Angeles usually traversed several telephone carriers' networks along the way.

AT&T provided long-distance services, connecting, for example, the originating carrier to the terminating carrier across the country.  To provide these services, AT&T received daily updates to its system.  If an update caused a switching error, that meant that other carriers were unable to place long-distance calls using the switching network, and AT&T was required to pay a penalty to the carriers.  Because these frequent updates and the related risk of error were a critical business need, the group created software to back up (and, if necessary, to quickly restore) the previous day's instance of the switching system.

16.    With the computer revolution of the late 1980s and early 1990s, businesses began to digitize their records—again creating a need in the market for efficient and reliable backup software.  Recognizing this need, this earlier development group was incorporated as Commvault in 1996 for the purpose of helping to create and lead an industry that enables its customers, large and small, to use the heterogeneous computer hardware that already occupies their datacenters to securely and efficiently manage their data.

17.    From humble beginnings, Commvault has evolved into a multinational business with revenue last fiscal year of approximately $700 million.  Starting with just a handful of employees, Commvault has grown to having over 2,700 employees with over 1,400 engineers who are tasked with research, development and support of its innovative products and services. Commvault maintains over fifty offices in over 30 countries that serve over 30,000 customers. Commvault solutions manage over half an exabyte—over half a billion gigabytes—in the cloud alone and an exponentially higher amount when including data stored on its customers' own equipment.  Commvault's products became and have remained among the best-selling and technologically advanced data management suites available on the market.

18.    The industry repeatedly has recognized Commvault's technological achievements and advancements in the marketplace.  In each of the last eight years, Commvault has been named a Leader in the Gartner Magic Quadrant for Data Center Backup and Recovery—a recognition given to companies in a market space determined by Gartner's analysts not only to execute well against their current vision but to also be well positioned for tomorrow. For the last three years, Commvault has also been named a Gartner Peer Insights Customers' Choice for Data Center Backup and Recover Solutions.  Commvault has also received a GOLD award in the Backup and Disaster Recovery, Hardware, Software and Services category by TechTarget's Storage magazine, and was listed as one of SearchStorage's 2019 Products of the Year.

### Cohesity

19.    Cohesity was founded in June 2013.  Like Commvault, Cohesity offers data storage and management services for on-premises, cloud, and mixed environments.  Cohesity presents its products as offering a "Hyperconverged Infrastructure."[1]  Although Cohesity has derived numerous marketing names and terms for its various product features and offerings associated with this "consolidated solution," whether by design or coincidence, they infringe at least Commvault's U.S. Patent Nos. 7,725,671, 7,840,533, 8,762,335, 9,740,723, 10,210,048, and 10,248,657.

### COUNT I: INFRINGEMENT OF U.S. PATENT NO. 7,725,671

20.    Commvault incorporates by reference and re-alleges all the foregoing paragraphs of this Complaint as if fully set forth herein.

21.    U.S. Patent No. 7,725,671 (the "'671 Patent"), entitled "System and Method for Providing Redundant Access to Metadata over a Network," was duly and legally issued by the

---

[1]    *E.g.*, https://www.networkworld.com/article/3207567/what-is-hyperconvergence.html.

U.S. Patent and Trademark Office on May 25, 2010. The '671 patent is generally directed to a system and method for data classification to facilitate and improve data management within an enterprise. For example, the claimed systems and methods evaluate and define data management operations based on data characteristics, such as metadata, rather than data location, allowing for an increase in the precision and efficiency of enterprise storage operations. Anand Prahlad, Jeremy A. Schwartz, David Ngo, Brian Brockway, and Marcus S. Muller are the named inventors. Commvault is the original and current owner by assignment of all right, title and interest in the '671 Patent. A true and correct copy of the '671 Patent is attached hereto as Exhibit A.

22.     On information and belief, Cohesity has directly infringed, continues to infringe, and/or, at least as of the date of this Complaint, induces or contributes to the infringement by others of one or more claims of the '671 Patent by making, using, selling, offering for sale, and/or importing into the United States, without authority or license, for example, the Cohesity "hyperconverged node" appliances such as the C2300, C2500, C3000, C4000, and C6000 including, for example, the Cohesity DataPlatform software suite and related software features, or otherwise supplying such software to its customers for storage in memory on those customers' computer hardware components, (collectively, "the '671 Accused Products") in violation of 35 U.S.C. §§ 271(a), (b), and (c). The '671 Accused Products are non-limiting examples identified based on publicly available information, and Commvault reserves the right to identify additional infringing activities, products, and services on the basis of information obtained, for example, during discovery.

23.     By at least the filing of the Complaint, Commvault has disclosed to Cohesity the existence of the '671 Patent and identified at least some of Cohesity's and others' activities that

infringe at least one claim of the '671 Patent.  Thus, based on this disclosure, Cohesity has knowledge of the '671 Patent and that its activities infringe the '671 Patent.  Based on Commvault's disclosures, Cohesity has also known or should have known since at least the filing of the Complaint that its customers, distributors, suppliers, and other purchasers of the '671 Accused Products are infringing the '671 Patent at least because Cohesity has known that it is infringing the '671 Patent.

24.     The '671 Accused Products meet all the limitations of at least claim 15 of the '671 Patent in violation of 35 U.S.C. § 271(a).

25.     For example, computer systems that execute the Cohesity DataPlatform software suite, including Cohesity's "hyperconverged node" appliances such as the C2300, C2500, C3000, C4000, and C6000, each include a processor configured to execute instructions stored in computer-readable memory.[2]  Those instructions include the DataPlatform computer-readable software.  Cohesity's DataPlatform and its SpanFS filesystem distributes metadata to other Cohesity nodes within a cluster.[3]  On information and belief, Cohesity's DataPlatform software suite analyzes a primary metabase (*e.g.*, Metadata Store) to determine data objects stored within a primary data store (*e.g.*, Data Store) that satisfy a query for a particular version of a requested data object.  To identify the secondary data store during replication, for example, the Cohesity DataPlatform software determines the correct target storage location based on metadata to receive the determined data objects to be replicated.  Data objects are copied from a primary data

---

[2]  *See, e.g.*, https://www.cohesity.com/blog/cohesity-unveils-c2300-c2500-data-platforms/; https://www.cohesity.com/resource-assets/datasheets/Cohesity-C3000-Datasheet.pdf; cohesity.com/resource-assets/datasheets/Cohesity-C4000-Datasheet.pdf; https://www.cohesity.com/resource-assets/datasheets/Cohesity-C6000-Datasheet.pdf.
[3]  https://www.cohesity.com/resource-assets/white-paper/Cohesity-SpanFS-and-SnapTree-WP.pdf.

store (*e.g.*, data store of the original cluster) to the secondary data store (*e.g.*, target cluster) according to a policy. The metadata store of the secondary data store (*e.g.*, target cluster) is then updated with information describing the copied objects.

26.     This description is based on publicly available information and a reasonable investigation of the structure and operation of the '671 Accused Products. Commvault reserves the right to modify this description, including, for example, on the basis of information about the '671 Accused Products that it obtains during discovery.

27.     On information and belief, at least as of the date of this Complaint and based on the information set forth herein, Cohesity also actively, knowingly, and intentionally induces infringement of one or more claims of the '671 Patent under 35 U.S.C. § 271(b) by actively encouraging others to import, make, use, sell, and/or offer to sell in the United States, the '671 Accused Products. Cohesity instructs its customers how to use the DataPlatform software suite to obtain metadata from primary data and replicate this data, whether the DataPlatform suite is installed on Cohesity hardware or a user's own hardware.

28.     On information and belief, at least as of the date of this Complaint and based on the information set forth herein, Cohesity further contributes to the infringement of one or more claims of the '671 Patent under 35 U.S.C. § 271(c) by offering to sell, selling, and/or importing into the United States a component of the '671 Accused Products, or a material or apparatus for use in practicing a process claimed in the '671 Patent, that constitutes a material part of the inventions, knowing the same to be especially made or especially adapted for use in an infringement of the '671 Patent, and is not a staple article or commodity of commerce suitable for substantial noninfringing use. In this case, the Cohesity DataPlatform software suite is a

material part of at least the invention of claim 15 of the '671 Patent for the reasons set forth in paragraph 25, above.

29.     Cohesity's infringement has damaged and continues to damage Commvault in an amount yet to be determined, of at least a reasonable royalty and/or the lost profits that Commvault would have made but for Cohesity's acts of infringement.

## COUNT II: INFRINGEMENT OF U.S. PATENT NO. 7,840,533

30.     Commvault incorporates by reference and re-alleges all the foregoing paragraphs of this Complaint as if fully set forth herein.

31.     U.S. Patent No. 7,840,533 (the "'533 Patent"), entitled "System and Method for Performing an Image Level Snapshot and for Restoring Partial Volume Data," was duly and legally issued by the U.S. Patent and Trademark Office on November 23, 2010.  The '533 patent is generally directed to systems and methods for performing full and incremental snapshots of an information store and storing the snapshots in secondary storage separate from the information store.  Anand Prahlad, David Ngo, Prakash Varadharajan, Rahual Pawar, and Avinash Kumar are the named inventors.  Commvault is the original and current owner by assignment of all right, title and interest in the '533 Patent.  A true and correct copy of the '533 Patent is attached hereto as Exhibit B.

32.     On information and belief, Cohesity has directly infringed, continues to infringe, and/or, at least as of the date of this Complaint, induces or contributes to the infringement by others of one or more claims of the '533 Patent by making, using, selling, offering for sale, and/or importing into the United States, without authority or license, for example, the Cohesity "hyperconverged node" appliances such as the C2300, C2500, C3000, C4000, and C6000 including, for example, the Cohesity DataProtect and DataPlatform software suites and related software features, including the incremental snapshot functionality and the Volume CBT and

File System CBT software components, or otherwise supplying such software to its customers for storage in memory on those customers' computer hardware components (collectively, "the '533 Accused Products") in violation of 35 U.S.C. §§ 271(a), (b), and (c). The '533 Accused Products are non-limiting examples identified based on publicly available information, and Commvault reserves the right to identify additional infringing activities, products and services on the basis of information obtained, for example, during discovery.

33.     By at least the filing of the Complaint, Commvault has disclosed to Cohesity the existence of the '533 Patent and identified at least some of Cohesity's and others' activities that infringe at least one claim of the '533 Patent. Thus, based on this disclosure, Cohesity has knowledge of the '533 Patent and that its activities infringe the '533 Patent. Based on Commvault's disclosures, Cohesity has also known or should have known since at least the filing of the Complaint that its customers, distributors, suppliers, and other purchasers of the '533 Accused Products are infringing the '533 Patent at least because Cohesity has known that it is infringing the '533 Patent.

34.     The '533 Accused Products meet all the limitations of at least claim 9 of the '533 Patent in violation of 35 U.S.C. § 271(a).

35.     For example, computer systems that execute the Cohesity DataPlatform software suite, including Cohesity's "hyperconverged node" appliances such as the C2300, C2500, C3000, C4000, and C6000, each include computer-readable storage media, such as hard disks, solid state drives, flash memory, or random access memory, that carry instructions performed by a processor.[4]     The Cohesity DataPlatform software is capable of creating snapshots for an

---

[4]     *See, e.g.*, https://www.cohesity.com/blog/cohesity-unveils-c2300-c2500-data-platforms/; https://www.cohesity.com/resource-assets/datasheets/Cohesity-C3000-Datasheet.pdf;

information store (e.g., a primary storage system or client computer) coupled via a computer network to storage media (*e.g.*, a Cohesity Cluster).  For example, the Cohesity DataPlatform provides user-configurable SLA Domains that perform at least a first and second snapshot of data in an information store at a first time and a second time.[5]  The first snapshot may be a full snapshot that is copied to a first storage medium (*e.g.*, a storage volume on the Cohesity Cluster).  After the first snapshot, the Cohesity DataPlatform tracks changes to the data associated with the first snapshot (*e.g.*, using the Volume CBT or File System CBT software modules).  The second snapshot may be an incremental snapshot in which the tracked changes and information identifying the location(s) of the changes  are copied to a second storage medium (*e.g.*, a storage volume on the Cohesity Cluster).[6]

36.    This description is based on publicly available information and a reasonable investigation of the structure and operation of the '533 Accused Products.  Commvault reserves the right to modify this description, including, for example, on the basis of information about the '533 Accused Products that it obtains during discovery.

37.    On information and belief, at least as of the date of this Complaint and based on the information set forth herein, Cohesity also actively, knowingly, and intentionally induces infringement of one or more claims of the '533 Patent under 35 U.S.C. § 271(b) by actively encouraging others to import, make, use, sell, and/or offer to sell in the United States, the '533

---

(. . . continued)
cohesity.com/resource-assets/datasheets/Cohesity-C4000-Datasheet.pdf;
https://www.cohesity.com/resource-assets/datasheets/Cohesity-C6000-Datasheet.pdf.
[5]   *See, e.g.*, https://www.cohesity.com/resource-assets/solution-brief/Cohesity-SnapTree-Solution-Brief.pdf.
[6]   *See, e.g.*, https://www.cohesity.com/press/cohesity-introduces-industrys-first-backup-and-recovery-for-popular-modern-workloads-on-one-web-scale-platform/;
https://www.cohesity.com/resource-assets/white-paper/Cohesity_Data_Protection_White_Paper.pdf.

Accused Products.  Cohesity instructs its customers how to use the DataPlatform software suite to make and store incremental snapshots, including by installing and using the Volume CBT and File System CBT software modules to track block-level changes between snapshots, whether the DataPlatform suite is installed on Cohesity hardware or a user's own hardware.

38.     On information and belief, at least as of the date of this Complaint and based on the information set forth herein, Cohesity further contributes to the infringement of one or more claims of the '533 Patent under 35 U.S.C. § 271(c) by offering to sell, selling, and/or importing into the United States a component of the '533 Accused Products, or a material or apparatus for use in practicing a process claimed in the '533 Patent, that constitutes a material part of the inventions, knowing the same to be especially made or especially adapted for use in an infringement of the '533 Patent, and is not a staple article or commodity of commerce suitable for substantial noninfringing use.  In this case, the Cohesity DataPlatform software suite is a material part of at least the invention of claim 9 of the '533 Patent for the reasons set forth in paragraph 35, above.

39.     Cohesity's infringement has damaged and continues to damage Commvault in an amount yet to be determined, of at least a reasonable royalty and/or the lost profits that Commvault would have made but for Cohesity's acts of infringement.

## COUNT III: INFRINGEMENT OF U.S. PATENT NO. 8,762,335

40.     Commvault incorporates by reference and re-alleges all the foregoing paragraphs of this Complaint as if fully set forth herein.

41.     U.S. Patent No. 8,762,335 (the "'335 Patent"), entitled "System and Method for Storage Operation Access Security," was duly and legally issued by the U.S. Patent and Trademark Office on June 24, 2014.  The '335 Patent is generally directed to systems and methods for controlling access to stored data through the use of access policies for data backups

consistent with those set for the original data.  Anand Prahlad and Srinivas Kavuri are the named inventors.  Commvault is the original and current owner by assignment of all right, title and interest in the '335 Patent.  A true and correct copy of the '335 Patent is attached hereto as Exhibit C.

42.     On information and belief, Cohesity has directly infringed, continues to infringe, and/or, at least as of the date of this Complaint, induces or contributes to the infringement  by others of one or more claims of the '335 Patent by making, using, selling, offering for sale, and/or importing into the United States, without authority or license, for example, the Cohesity "hyperconverged node" appliances such as the C2300, C2500, C3000, C4000, and C6000 including, for example, the Cohesity DataProtect and DataPlatform software suites and related software features, including the Access Management system, or otherwise supplying such software to its customers for storage in memory on those customers' hardware components (collectively, "the '335 Accused Products") in violation of 35 U.S.C. §§ 271(a), (b), and (c). The '335 Accused Products are non-limiting examples identified based on publicly available information, and Commvault reserves the right to identify additional infringing activities, products and services on the basis of information obtained, for example, during discovery.

43.     By at least the filing of the Complaint, Commvault has disclosed to Cohesity the existence of the '335 Patent and identified at least some of Cohesity's and others' activities that infringe at least one claim of the '335 Patent.  Thus, based on this disclosure, Cohesity has knowledge of the '335 Patent and that its activities infringe the '335 Patent.  Based on Commvault's disclosures, Cohesity has also known or should have known since at least the filing of the Complaint that its customers, distributors, suppliers, and other purchasers of the '335

Accused Products are infringing the '335 Patent at least because Cohesity has known that it is infringing the '335 Patent.

44.     The '335 Accused Products meet all the limitations of at least claim 9 of the '335 Patent in violation of 35 U.S.C. § 271(a).

45.     For example, computer systems that execute the Cohesity DataPlatform software suite, including Cohesity's "hyperconverged node" appliances such as the C2300, C2500, C3000, C4000, and C6000, each include a processor configured to execute instructions stored in computer-readable memory.[7]   Those instructions include the Cohesity DataPlatform software, which may be configured to store and manage secondary copies of data files.   On information and belief, the Cohesity DataPlatform software implements an Access Management system that assigns "roles" corresponding to different access rights to users, groups, or Active Directories with access to a Cohesity Cluster.   By associating a user, group, or Active Directory with one or more "roles" within the Cohesity Cluster, that user, group, or Active Directory is assigned access rights for performing storage operations, such as, for example, creating a Clone task or Projection Job.   For example, a user assigned the "Admin" role can create backups and recover snapshots, among other actions, while a user assigned the "Viewer" role will have read-only access for workflows pursuant to policies associated with the created Protection Job or Clone task. On information and belief, when a user seeks to perform a storage operation within the Cohesity Cluster, the Access Management system within the Cohesity DataPlatform software is capable of being queried to determine the access rights of the user relating to the requested

---

[7]  *See, e.g.*, https://www.cohesity.com/blog/cohesity-unveils-c2300-c2500-data-platforms/; https://www.cohesity.com/resource-assets/datasheets/Cohesity-C3000-Datasheet.pdf; cohesity.com/resource-assets/datasheets/Cohesity-C4000-Datasheet.pdf; https://www.cohesity.com/resource-assets/datasheets/Cohesity-C6000-Datasheet.pdf.

storage operation.  When a user has the necessary permissions to perform that operation—*e.g.*, to run a Protection Job or initiate a Clone task—the Cohesity DataPlatform software causes the requested backup or restore operation to be performed.  On information and belief, the Cohesity Cluster is further capable of confirming access rights by determining that the requested operation is performed from one or more computers through which the user, group, or Active Directory has access, including when access rights are associated with performance of a Protection Job or Clone task within a given Object or View.

46.     This description is based on publicly available information and a reasonable investigation of the structure and operation of the '335 Accused Products.  Commvault reserves the right to modify this description, including, for example, on the basis of information about the '335 Accused Products that it obtains during discovery.

47.     On information and belief, at least as of the date of this Complaint and based on the information set forth herein, Cohesity also actively, knowingly, and intentionally induces infringement of one or more claims of the '335 Patent under 35 U.S.C. § 271(b) by actively encouraging others to import, make, use, sell, and/or offer to sell in the United States, the '335 Accused Products.  Cohesity instructs its customers how to cause the Access Management system within the DataPlatform software suite to be queried to determine the access rights of a user and to cause certain data storage operation to be performed, whether the DataPlatform suite is installed on Cohesity hardware or on a user's own hardware.

48.     On information and belief, at least as of the date of this Complaint and based on the information set forth herein, Cohesity further contributes to the infringement of one or more claims of the '335 Patent under 35 U.S.C. § 271(c) by offering to sell, selling, and/or importing into the United States a component of the '335 Accused Products, or a material or apparatus for

use in practicing a process claimed in the '335 Patent, that constitutes a material part of the inventions, knowing the same to be especially made or especially adapted for use in an infringement of the '335 Patent, and is not a staple article or commodity of commerce suitable for substantial noninfringing use. In this case, the Cohesity DataPlatform software suite is a material part of at least the invention of claim 9 of the '335 Patent for the reason set forth in paragraph 45, above.

49.     Cohesity's infringement has damaged and continues to damage Commvault in an amount yet to be determined, of at least a reasonable royalty and/or the lost profits that Commvault would have made but for Cohesity's acts of infringement.

## COUNT IV: INFRINGEMENT OF U.S. PATENT NO. 9,740,723

50.     Commvault incorporates by reference and re-alleges all the foregoing paragraphs of this Complaint as if fully set forth herein.

51.     U.S. Patent No. 9,740,723 (the "'723 Patent"), entitled "Systems and Methods For Management of Virtualization Data," was duly and legally issued by the U.S. Patent and Trademark Office on August 22, 2017.  The '723 Patent is generally directed to systems and methods for querying a virtual machine manager to determine information regarding data objects associated with a virtual machine disk file for use in backup operations, thereby increasing the ease, speed, and accuracy of file-level backup operations associated with such virtual machines. Anand Prahlad, Rahul S. Pawar, Prakash Varadharajan, and Pavan Kumar Reddy Bedadala are the named inventors.  Commvault is the original and current owner by assignment of all right, title and interest in the '723 Patent.  A true and correct copy of the '723 Patent is attached hereto as Exhibit D.

52.     On information and belief, Cohesity has directly infringed, continues to infringe, and/or, at least as of the date of this Complaint, induces or contributes to the infringement by

others of one or more claims of the '723 Patent by making, using, selling, offering for sale, and/or importing into the United States, without authority or license, for example, the Cohesity "hyperconverged node" appliances such as the C2300, C2500, C3000, C4000, and C6000 including, for example, the Cohesity DataProtect and DataPlatform software suites, the Cohesity CloudArchive software, and related software features, or otherwise supplying such software to its customers for storage in memory on those customers' computer hardware components (collectively, "the '723 Accused Products") in violation of 35 U.S.C. §§ 271(a), (b), and (c). The '723 Accused Products are non-limiting examples identified based on publicly available information, and Commvault reserves the right to identify additional infringing activities, products and services on the basis of information obtained, for example, during discovery.

53.     By at least the filing of the Complaint, Commvault has disclosed to Cohesity the existence of the '723 Patent and identified at least some of Cohesity's and others' activities that infringe at least one claim of the '723 Patent.  Thus, based on this disclosure, Cohesity has knowledge of the '723 Patent and that its activities infringe the '723 Patent.  Based on Commvault's disclosures, Cohesity has also known or should have known since at least the filing of the Complaint that its customers, distributors, suppliers, and other purchasers of the '723 Accused Products are infringing the '723 Patent at least because Cohesity has known that it is infringing the '723 Patent.

54.     The '723 Accused Products meet all the limitations of at least claim 11 of the '723 Patent in violation of 35 U.S.C. § 271(a).

55.     For example, computer systems that execute the Cohesity DataPlatform software suite, including Cohesity's "hyperconverged node" appliances such as the C2300, C2500, C3000, C4000, and C6000, each include a processor configured to execute instructions stored in

computer-readable memory.[8]   The Cohesity DataPlatform software is capable of directing the backup of virtual machines from various third party providers (*e.g.*, VMware, Microsoft Hyper-V, and Nutanix).   The Cohesity DataPlatform is capable of receiving a request to copy (or backup, via a Protection Job) one or more virtual machines to a physical storage device (*e.g.*, a hard disk drive or solid state drive).   Upon receiving this request, the Cohesity DataPlatform is capable of determining whether the requested one or more virtual machines is managed by one of a supported third party hypervisor provider and, if so, accessing that third-party's virtual machine manager and automatically requesting information (*e.g.*, available VMs) from the virtual machine manager regarding the virtual machines that it manages.   Using this information, the Cohesity DataPlatform is further capable of determining the virtual machines managed by the virtual machine manager within the respective hypervisor environment.    The Cohesity DataPlatform Cohesity is capable of then copying at least one of the identified virtual machines to at least a target physical storage location via storage policy or upon manual request from a user.

56.    This description is based on publicly available information and a reasonable investigation of the structure and operation of the '723 Accused Products.  Commvault reserves the right to modify this description, including, for example, on the basis of information about the '723 Accused Products that it obtains during discovery.

57.    On information and belief, at least as of the date of this Complaint and based on the information set forth herein, Cohesity also actively, knowingly, and intentionally induces

---

[8]   *See, e.g.*, https://www.cohesity.com/blog/cohesity-unveils-c2300-c2500-data-platforms/; https://www.cohesity.com/resource-assets/datasheets/Cohesity-C3000-Datasheet.pdf; cohesity.com/resource-assets/datasheets/Cohesity-C4000-Datasheet.pdf; https://www.cohesity.com/resource-assets/datasheets/Cohesity-C6000-Datasheet.pdf.

infringement of one or more claims of the '723 Patent under 35 U.S.C. § 271(b) by actively encouraging others to import, make, use, sell, and/or offer to sell in the United States, the '723 Accused Products.  Cohesity instructs its customers how to use the DataPlatform software suite to backup virtual machines, whether the DataPlatform suite is installed on Cohesity hardware or a user's own hardware.

58.     On information and belief, at least as of the date of this Complaint and based on the information set forth herein, Cohesity further contributes to the infringement of one or more claims of the '723 Patent under 35 U.S.C. § 271(c) by offering to sell, selling, and/or importing into the United States a component of the '723 Accused Products, or a material or apparatus for use in practicing a process claimed in the '723 Patent, that constitutes a material part of the inventions, knowing the same to be especially made or especially adapted for use in an infringement of the '723 Patent, and is not a staple article or commodity of commerce suitable for substantial noninfringing use.  In this case, the Cohesity DataPlatform software suite is a material part of at least the invention of the claim 11 of the '723 Patent for the reasons set forth in paragraph 55, above.

59.     Cohesity's infringement has damaged and continues to damage Commvault in an amount yet to be determined, of at least a reasonable royalty and/or the lost profits that Commvault would have made but for Cohesity's acts of infringement.

## COUNT V: INFRINGEMENT OF U.S. PATENT NO. 10,210,048

60.     Commvault incorporates by reference and re-alleges all the foregoing paragraphs of this Complaint as if fully set forth herein.

61.     U.S. Patent No. 10,210,048 (the "'048 Patent"), entitled "Selective Snapshot and Backup Copy Operations for Individual Virtual Machines in a Shared Storage," was duly and legally issued by the U.S. Patent and Trademark Office on February 19, 2019.  The '048 Patent

is generally directed to selective backup of individual virtual machines within a larger hypervisor environment using volume-level snapshots.   Ashwin Gautamchand Sancheti is the named inventor.   Commvault is the original and current owner by assignment of all right, title and interest in the '048 Patent.   A true and correct copy of the '048 Patent is attached hereto as Exhibit E.

62.     On information and belief, Cohesity has directly infringed, continues to infringe, and/or, at least as of the date of this Complaint, induces or contributes to the infringement by others of one or more claims of the '048 Patent by making, using, selling, offering for sale, and/or importing into the United States, without authority or license, for example, the Cohesity "hyperconverged node" appliances such as the C2300, C2500, C3000, C4000, and C6000 including, for example, the Cohesity DataProtect and DataPlatform software suites and related software features, or otherwise supplying such software to its customers for storage in memory on those customers' computer hardware components (collectively, "the '048 Accused Products") in violation of 35 U.S.C. §§ 271(a), (b), and (c).   The '048 Accused Products are non-limiting examples identified based on publicly available information, and Commvault reserves the right to identify additional infringing activities, products and services on the basis of information obtained, for example, during discovery.

63.     By at least the filing of the Complaint, Commvault has disclosed to Cohesity the existence of the '048 Patent and identified at least some of Cohesity's and others' activities that infringe at least one claim of the '048 Patent.   Thus, based on this disclosure, Cohesity has knowledge of the '048 Patent and that its activities infringe the '048 Patent.   Based on Commvault's disclosures, Cohesity has also known or should have known since at least the filing of the Complaint that its customers, distributors, suppliers, and other purchasers of the '048

Accused Products are infringing the '048 Patent at least because Cohesity has known that it is infringing the '048 Patent.

64.     The '048 Accused Products meet all the limitations of at least claim 14 of the '048 Patent in violation of 35 U.S.C. § 271(a).

65.     For example, computer systems that execute the Cohesity DataPlatform software suite, including Cohesity's "hyperconverged node" appliances such as the C2300, C2500, C3000, C4000, and C6000, each include a non-transitory computer-readable medium, such as a hard disk or solid state drive, that stores instructions performed by a computing device.[9]  The Cohesity DataPlatform software includes a virtual server agent that can, for example, issue a command to a hypervisor to natively perform a snapshot of a selected virtual machine stored on physical storage communicatively coupled to the hypervisor, without performing a snapshot of unselected virtual machines on the same physical storage (*e.g.*, DataPlatform's Protection Jobs for virtual servers).[10]  The Cohesity DataPlatform also stores and indexes metadata associated with snapshots of virtual machines and uses that snapshot to identify snapshots associated with a particular virtual machine.[11]

66.     This description is based on publicly available information and a reasonable investigation of the structure and operation of the '048 Accused Products.  Commvault reserves

---

[9]   *See, e.g.*, https://www.cohesity.com/blog/cohesity-unveils-c2300-c2500-data-platforms/; https://www.cohesity.com/resource-assets/datasheets/Cohesity-C3000-Datasheet.pdf; cohesity.com/resource-assets/datasheets/Cohesity-C4000-Datasheet.pdf; https://www.cohesity.com/resource-assets/datasheets/Cohesity-C6000-Datasheet.pdf.
[10]   *See, e.g.*, https://www.cohesity.com/solution/virtual/; https://www.cohesity.com/company/webinars/virtual-machine-application-protection-demo/.
[11]   *See, e.g.*, https://www.cohesity.com/wp-content/uploads/2016/03/Cohesity-Data-Protection-White-Paper.pdf.

the right to modify this description, including, for example, on the basis of information about the '048 Accused Products that it obtains during discovery.

67.     On information and belief, at least as of the date of this Complaint and based on the information set forth herein, Cohesity also actively, knowingly, and intentionally induces infringement of one or more claims of the '048 Patent under 35 U.S.C. § 271(b) by actively encouraging others to import, make, use, sell, and/or offer to sell in the United States, the '048 Accused Products.  Cohesity instructs its customers how to use the DataPlatform software suite to perform snapshots of selected virtual machines by configuring a Protection Job for a virtual server, whether the DataPlatform suite is installed on Cohesity hardware or a user's own hardware.

68.     On information and belief, at least as of the date of this Complaint and based on the information set forth herein, Cohesity further contributes to the infringement of one or more claims of the '048 Patent under 35 U.S.C. § 271(c) by offering to sell, selling, and/or importing into the United States a component of the '048 Accused Products, or a material or apparatus for use in practicing a process claimed in the '048 Patent, that constitutes a material part of the inventions, knowing the same to be especially made or especially adapted for use in an infringement of the '048 Patent, and is not a staple article or commodity of commerce suitable for substantial noninfringing use.  In this case, the Cohesity DataPlatform software suite is a material part of at least the invention of claim 14 of the '048 Patent for the reasons set forth in paragraph 65, above.

69.     Cohesity's infringement has damaged and continues to damage Commvault in an amount yet to be determined, of at least a reasonable royalty and/or the lost profits that Commvault would have made but for Cohesity's acts of infringement.

## COUNT VI: INFRINGEMENT OF U.S. PATENT NO. 10,248,657

70.     Commvault incorporates by reference and re-alleges all the foregoing paragraphs of this Complaint as if fully set forth herein.

71.     U.S. Patent No. 10,248,657 (the "'657 Patent"), entitled "Data Object Store and Server for a Cloud Storage Environment, Including Data Deduplication and Data Management Across Multiple Cloud Storage Sites," was duly and legally issued by the U.S. Patent and Trademark Office on April 2, 2019.  The '657 Patent is generally directed to the storage of data objects to cloud storage sited, which includes, for example, performing deduplication on such data objects in advance of transmission to the cloud to reduce the strain on network and cloud storage resources and increase cost savings for users.  Anand Prahlad, Marcus S. Muller, Rajiv Kottomtharayil, Srinivas Kavuri, Parag Gokhale, and Manoj Kumar Vijayan are the named inventors.  Commvault is the original and current owner by assignment of all right, title and interest in the '657 Patent.  A true and correct copy of the '657 Patent is attached hereto as Exhibit F.

72.     On information and belief, Cohesity has directly infringed, continues to infringe, and/or, at least as of the date of this Complaint, induces or contributes to the infringement by others of one or more claims of the '657 Patent by making, using, selling, offering for sale, and/or importing into the United States, without authority or license, for example, the Cohesity "hyperconverged node" appliances such as the C2300, C2500, C3000, C4000, and C6000 including, for example, the Cohesity DataProtect and DataPlatform software suites and related software features, including the CloudArchive feature, or otherwise supplying such software to its customers for storage in memory on those customers' computer hardware components (collectively, "the '657 Accused Products") in violation of 35 U.S.C. §§ 271(a), (b), and (c). The '657 Accused Products are non-limiting examples identified based on publicly available

information, and Commvault reserves the right to identify additional infringing activities, products and services on the basis of information obtained, for example, during discovery.

73.     By at least the filing of the Complaint, Commvault has disclosed to Cohesity the existence of the '657 Patent and identified at least some of Cohesity's and others' activities that infringe at least one claim of the '657 Patent.  Thus, based on this disclosure, Cohesity has knowledge of the '657 Patent and that its activities infringe the '657 Patent.  Based on Commvault's disclosures, Cohesity has also known or should have known since at least the filing of the Complaint that its customers, distributors, suppliers, and other purchasers of the '657 Accused Products are infringing the '657 Patent at least because Cohesity has known that it is infringing the '657 Patent.

74.     The '657 Accused Products meet all the limitations of at least claim 5 of the '657 Patent in violation of 35 U.S.C. § 271(a).

75.     For example, computer systems that execute the Cohesity DataPlatform software suite, including Cohesity's "hyperconverged node" appliances such as the C2300, C2500, C3000, C4000, and C6000, each include a processor configured to execute instructions stored in memory.[12]   The Cohesity DataPlatform software is capable of creating a secondary copy of data using a cloud storage site.  For example, when backing up data to a cloud storage site, the Cohesity DataPlatform is capable of identifying sub-objects (*e.g.*, "chunks") of an original data set that satisfy certain criteria (*e.g.*, based on data characteristics), where the criteria are related to a storage policy (*e.g.*, a "Policy" or "Protection Job").  When the original dataset is identified

---

[12]   *See, e.g.*, https://www.cohesity.com/blog/cohesity-unveils-c2300-c2500-data-platforms/; https://www.cohesity.com/resource-assets/datasheets/Cohesity-C3000-Datasheet.pdf; cohesity.com/resource-assets/datasheets/Cohesity-C4000-Datasheet.pdf; https://www.cohesity.com/resource-assets/datasheets/Cohesity-C6000-Datasheet.pdf.

as associated with the storage policy, the Cohesity DataPlatform is capable of deduplicating the data at the sub-object (*e.g.*, "chunk") level to create a deduplicated set of data prior to backing up to a cloud storage site (*e.g.*, "Source Side Deduplication").[13].  This deduplicated data is then forwarded to the applicable cloud storage site[14] for storage therein using application programming interface ("API") calls associated with the applicable cloud storage site.

76.     This description is based on publicly available information and a reasonable investigation of the structure and operation of the '657 Accused Products.  Commvault reserves the right to modify this description, including, for example, on the basis of information about the '657 Accused Products that it obtains during discovery.

77.     On information and belief, at least as of the date of this Complaint and based on the information set forth herein, Cohesity also actively, knowingly, and intentionally induces infringement of one or more claims of the '657 Patent under 35 U.S.C. § 271(b) by actively encouraging others to import, make, use, sell, and/or offer to sell in the United States, the '657 Accused Products.  Cohesity instructs its customers how to use the DataPlatform software suite to enable source side deduplication in a Policy or Protection Job, including as part of a protection job that uses the CloudArchive feature, whether the DataPlatform suite is installed on Cohesity hardware or a user's own hardware.

78.     On information and belief, at least as of the date of this Complaint and based on the information set forth herein, Cohesity further contributes to the infringement of one or more claims of the '657 Patent under 35 U.S.C. § 271(c) by offering to sell, selling, and/or importing into the United States a component of the '657 Accused Products, or a material or apparatus for

---

[13]   *See, e.g.*, https://www.cohesity.com/blog/cohesity-release-3-5/.
[14]   https://www.cohesity.com/resource-assets/white-paper/Cohesity_Data_Protection_White_Paper.pdf; https://www.cohesity.com/blog/global-deduplication-matters/.

use in practicing a process claimed in the '657 Patent, that constitutes a material part of the inventions, knowing the same to be especially made or especially adapted for use in an infringement of the '657 Patent, and is not a staple article or commodity of commerce suitable for substantial noninfringing use.  In this case, the Cohesity DataPlatform software suite is a material part of at least the invention of claim 5 of the '657 Patent for the reasons set forth in paragraph 75, above.

79.     Cohesity's infringement has damaged and continues to damage Commvault in an amount yet to be determined, of at least a reasonable royalty and/or the lost profits that Commvault would have made but for Cohesity's acts of infringement.

## PRAYER FOR RELIEF

WHEREFORE, Commvault respectfully requests:

1.     That Judgment be entered that Cohesity has infringed one or more of the Asserted Patents, directly and indirectly, by way of inducement or contributory infringement, literally or under the doctrine of equivalents;

2.     That, in accordance with 35 U.S.C. § 283, Cohesity and all affiliates, employees, agents, officers, directors, attorneys, successors, and assigns and all those acting on behalf of or in active concert or participation with any of them, be permanently enjoined from (1) infringing the Asserted Patents and (2) making, using, selling, offering for sale and/or importing the Accused Products;

3.     An award of damages sufficient to compensate Commvault for Cohesity's infringement under 35 U.S.C. § 284;

4.     Costs and expenses in this action;

5.     An award of prejudgment and post-judgment interest; and

6.     Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Commvault respectfully demands a trial by jury on all issues raised by the Complaint.

April 21, 2020                                        Respectfully submitted,

                                                     */s/ David A. Bilson*
                                                     John C. Phillips, Jr. (#110)
                                                     David A. Bilson (#4986)
                                                     PHILLIPS MCLAUGHLIN & HALL, P.A.
                                                     1200 N. Broom Street
                                                     Wilmington, DE 19806
                                                     (302) 655-4200
                                                     jcp@pmhdelaw.com
                                                     dab@pmhdelaw.com

OF COUNSEL:

Raymond N. Nimrod                                    David A. Nelson
Alexander S. Rudis                                   QUINN EMANUEL URQUHART
Ron Hagiz                                               & SULLIVAN, LLP
Cary E. Adickman                                     191 N. Wacker Drive, Suite 2700
QUINN EMANUEL URQUHART                               Chicago, Illinois 60606
   & SULLIVAN, LLP                                   Telephone: (312) 705-7400
51 Madison Avenue, 22nd Fl.                          davenelson@quinnemanuel.com
New York, NY 10010
Telephone: (212) 849-7000
raynimrod@quinnemanuel.com                           Steven Cherny
alexanderrudis@quinnemanuel.com                      QUINN EMANUEL URQUHART
ronhagiz@quinnemanuel.com                               & SULLIVAN, LLP
caryadickman@quinnemanuel.com                        111 Huntington Ave, Suite 520
                                                     Boston, MA 02199
                                                     Telephone: (617) 712-7100
Jeffrey S. Gerchick                                  stevencherny@quinnemanuel.com
QUINN EMANUEL URQUHART
   & SULLIVAN, LLP
1300 I Street NW, Suite 900                          *Attorneys for Plaintiff Commvault Systems,*
Washington, D.C. 20005                               *Inc.*
Telephone:    (202) 538-8000
jeffgerchick@quinnemanuel.com